**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| US INVESTIGATIONS SERVICES, LLC, | ) ) ) | |
| Plaintiff, | ) ) | 2: 11-cv-0355 |
| v. | ) ) ) | |
| SUSAN CALLIHAN, SARAH LEAANN BAUCOM AND SHARON VERNICK, | ) ) ) | |
| Defendants. | | |

**MEMORANDUM ORDER OF COURT**

Presently before the Court is PLAINTIFF'S MOTION TO CLOSE COURTROOM AND

SEAL TRANSCRIPT OF HEARING ON MOTION FOR TEMPORARY RESTRAINING

ORDER (Document No. 28).  For the reasons that follow, the Motion will be **DENIED IN**

**PART AND GRANTED IN PART**.

Plaintiff has filed a Verified Complaint against Defendants in which it alleges that

Defendants have misappropriated Plaintiff's confidential or proprietary business information and

trade secrets.  Plaintiff has also filed a Motion for Temporary Restraining Order and Preliminary

Injunction in which it seeks to have Defendants return all of Plaintiff's confidential and

proprietary business information and copies thereof.  A hearing / argument on Plaintiff's Motion

for Temporary Restraining Order and Preliminary Injunction has been scheduled on Wednesday,

March 30, 2011 at 9:30 a.m.

In anticipation of the hearing, Plaintiff filed the instant motion in which it requests that (i)

the Courtroom be closed, (ii) the transcript of the proceedings be sealed, and (iii) any exhibits

offered into evidence, to the extent deemed necessary in order to protect the trade secrets and

restricted and proprietary information, be filed under seal.

Plaintiff's first request, that the Courtroom be closed, is **DENIED without prejudice**. The United States Court of Appeals for the Third Circuit has unequivocally held that the public and the press possess a First Amendment and a common law right of access to civil proceedings and that there is a presumption that these proceedings will be open. *Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984).

To limit the public's access to a civil proceeding there must be a showing that the denial serves an important governmental interest and that there is no less restrictive way to serve that governmental interest. *Publicker Ind.*, 733 F.2d at 1070 (*citing Globe Newspaper Co. v. Superior Court for Norfolk County,* 457 U.S. 596, 606-07 (1982)). In addition, there are certain exceptions to the presumptive openness of judicial proceedings, such as the protection of a party's interest in confidential commercial information, such as trade secret, where there is a sufficient threat of irreparable harm. *Publicker Ind.,* 733 at 1071 (*citing Stamicarbon, N.V. v. American Cyanamid Co.*, 506 F.2d 532, 539-42 (2d Cir. 1974)).

The party seeking the closure of a hearing or the sealing of a transcript bears the burden of showing that the material is the kind of information that courts will protect and that there is a good cause for the order to issue. *Zenith Radio Corp. v. Matsushita Elec. Industrial Co*., 529 F. Supp. 866, 890 (E.D. Pa. 1981).

Plaintiff argues that it "reasonably anticipates" that it may be necessary to detail "its alleged trade secrets and/or proprietary information in court, through live testimony and through documents." The Court is very cognizant of Plaintiff's desire and need to protect its trade secrets and other confidential information. However, at this time, the Court finds no reason to close the courtroom. The Court is confident that protection of Plaintiff's trade secrets and/or proprietary information can be attained through alternatives not as drastic as closing the courtroom for the

entirety of the proceeding. For example, the types of documents at issue are already detailed in Plaintiff's filings, and thus it may not be necessary to discuss the detail of each document. However, should it become necessary for a witness to explain to the Court with specificity the precise trade secret information at issue, the Court will reconsider and may conduct a limited *in camera* procedure.

Plaintiff's next request, that the transcript of the proceedings be sealed, is **DENIED without prejudice**. At this time, the Court sees no need to automatically order that the transcript be sealed. If the transcript reflects specific details of Plaintiff's trade secrets, confidential, and proprietary information and/or information regarding matters implicating national security those portions of the transcript may be ordered to be sealed.

Finally, Plaintiff's third request – that documents offered as exhibits which contain Plaintiff's trade secrets, confidential, and proprietary information and/or information regarding matters implicating national security be filed under seal, is **GRANTED**.

So **ORDERED** this 29th day of March, 2011.


                                    BY THE COURT:

                                    s/ Terrence F. McVerry
                                    United States District Court Judge

cc:       Mark A. Willard, Esquire
Eckert, Seamans, Cherin & Mellott
Email: mwillard@eckertseamans.com

Audrey K. Kwak, Esquire
Eckert, Seamans, Cherin & Mellott
Email: akwak@eckertseamans.com

Robert V. Campedel, Esquire
Eckert, Seamans, Cherin & Mellott, LLC
Email: rcampedel@eckertseamans.com

Ryan J. Siciliano, Esquire
Eckert, Seamans, Cherin & Mellott
Email: rsiciliano@eckertseamans.com

Jay D. Marinstein, Esquire
Fox Rothschild
Email: jmarinstein@foxrothschild.com

John R. Gotaskie , Jr., Esquire
Fox Rothschild LLP
Email: jgotaskie@foxrothschild.com

Alexander H. Lindsay, Jr., Esquire
Lindsay, Jackson & Martin
Email: Michele@lindsaylawfirm.com

Sarah LeeAnn Baucom
895 Perryville Road
Parker, PA 16049