# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| US INVESTIGATIONS SERVICES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 2: 11-cv-0355 |
| v. | ) | |
| | ) | |
| SUSAN CALLIHAN and | ) | |
| SARAH LEAANN BAUCOM, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

Presently before the Court for disposition is MOTION TO STRIKE INSUFFICIENT AFFIRMATIVE DEFENSE, with brief in support, filed by Plaintiff, US Investigations Services, LLC ("USIS") (Document Nos. 45 and 46), the MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S MOTION TO STRIKE INSUFFICIENT AFFIRMATIVE DEFENSE filed by Defendant, Susan Callihan (Document No. 47), and the REPLY MEMORANDUM OF LAW filed by USIS (Document No. 50). For the reasons that follow, the Motion to Strike will be granted.

### Standard of Review

Federal Rule of Civil Procedure 12(f) authorizes courts to "strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters that will not have any possible bearing on the outcome of the litigation. "Immaterial matter is that which has no essential or important relationship to the claim for relief." *Del. Health Care Inc. v. MCD Holding Co.*, 893 F. Supp. 1279, 1291–92 (D. Del. 1995). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* A "scandalous" matter or pleading

is one that casts a derogatory light on someone, uses repulsive language, or detracts from the dignity of the court. *Carone v. Whalen,* 121 F.R.D. 231, 232 (M.D. Pa. 1988).

As a general matter, motions to strike under Rule 12(f) are disfavored. *Seidel v. Lee*, 954 F. Supp. 810, 812 (D. Del. 1996). "[E]ven where the challenged material is redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party." *Symbol Techs., Inc. v. Aruba Networks, Inc.*, 609 F. Supp.2d 353, 359 (D. Del. 2009). Moreover, when ruling on a motion to strike, "the [c]ourt must construe all facts in favor of the nonmoving party and deny the motion if the defense is sufficient under law." *Procter & Gamble Co. v. Nabisco Brands, Inc*., 697 F. Supp. 1360, 1362 (D. Del. 1988). A court should not strike a defense unless the insufficiency is "clearly apparent*." Cipollone v. Liggett Group, Inc.*, 789 F.2d 181, 188 (3d Cir. 1986), *rev'd in part on other grounds*, 505 U.S. 504 (1992).

**Discussion**

Plaintiff initiated this lawsuit on March 18, 2011, by the filing of an eight-count Verified Complaint against Defendants Susan Callihan, Sarah LeeAnn Baucom, and Sharon Vernick.[1] The gravamen of Plaintiff's allegations is that Defendants, all former employees of USIS "have caused sensitive, proprietary and restricted information and proposal information of USIS to be purloined from USIS' computers and servers and, on information and belief, to be disclosed to and possibly be used by direct competitors of USIS . . . ." Amended Verified Complaint at 2.

Defendant Callihan, through counsel, has admitted that she emailed herself on her last day of work and that the email contained several attachments. It is Defendant's position that she did not violate any agreements or breach any contracts or confidences as a result of that email.

---

[1] On March 29, 2011, Plaintiff filed an Amended Verified Complaint in which it did not name Sharon Vernick as a defendant and, thus, did not bring any claims against her.

2

On April 12, 2011, Defendant Calihan filed an Answer and Affirmative Defenses to Plaintiff's Amended Complaint (Document No. 43).² In her Eighth Affirmative Defense, Defendant raises fraud as a defense to the claims asserted against her. Specifically, Defendant asserts that, "USIS along with NT Concepts, Inc. engaged in a scheme and artifice to defraud the United States Government, the Office of Personnel Management, and other small companies bidding on the [Consolidated Leads Contract.]" Eighth Affirmative Defense, ¶ 132.

Plaintiff contends, *inter alia*, that Defendant's Eighth Affirmative Defense should be stricken as it is not a defense to any claims asserted against her and, thus, the defense constitutes immaterial, impertinent and scandalous matters.³ Defendant responds that her "defense of fraud is related directly to the conduct of USIS during its bidding and decision making processes on the Consolidated Leads contract." Response at 10.

After a careful review of the Amended Verified Complaint and the Answer and Affirmative Defenses filed by Callahan, the Court finds that the Eighth Affirmative Defense asserted by Defendant should be stricken. USIS has sued Defendant for breach of her obligations owed to USIS under a confidentiality agreement, as well as her duties owed to USIS as her employer. *See* Amended Verified Complaint at ¶ 1-29, 51-63, 89-98. The fraudulent conduct that Defendant alleges USIS engaged in is simply not related to her alleged misappropriation of USIS's documents and sensitive information. Accordingly, the Court finds that the allegations contained in the Eighth Affirmative Defense are immaterial as they have no essential or important relationship to the claims for relief and are impertinent as they contain statements that do not pertain, and are not necessary, to the issues in question. Therefore, the

---

² To date, Defendant Baucom has not filed an Answer.

³ Because the Court finds this issue to be dispositive, it is not necessary for the Court to reach the additional arguments raised by Plaintiff.

3

Court will strike Defendant's Eighth Affirmative Defense, paragraphs 130, 131, 132, 133, 134, 135 and 136.

## Conclusion

For the reasons hereinabove stated, the Motion to Strike filed by Plaintiff will be granted. An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| US INVESTIGATIONS SERVICES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 2: 11-cv-0355 |
| v. | ) | |
| | ) | |
| SUSAN CALLIHAN and | ) | |
| SARAH LEAANN BAUCOM, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER OF COURT

**AND NOW**, this 11th day of May, 2011, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the Motion to Strike filed by Plaintiff is **GRANTED**. Defendant's Eighth Affirmative Defense, specifically Paragraphs 130, 131, 132, 133, 134, 135 and 136, is **STRICKEN** as immaterial, impertinent, and scandalous pursuant to Federal Rule of Civil Procedure 12(f).

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Mark A. Willard, Esquire
Eckert, Seamans, Cherin & Mellott
Email: mwillard@eckertseamans.com

Audrey K. Kwak, Esquire
Eckert, Seamans, Cherin & Mellott
Email: akwak@eckertseamans.com

Robert V. Campedel, Esquire
Eckert, Seamans, Cherin & Mellott, LLC
Email: rcampedel@eckertseamans.com

Ryan J. Siciliano, Esquire
Eckert, Seamans, Cherin & Mellott
Email: rsiciliano@eckertseamans.com

Alexander H. Lindsay , Jr., Esquire
Lindsay, Jackson & Martin
Email: Michele@lindsaylawfirm.com

Robert Varsek, Esquire
Rosen, Rosen & Bloom
Email: robertvarsek@yahoo.com

Charles T. Rosen, Esquire
Rosen, Rosen, Bloom & Varsek
Email: rrb@csonline.net