# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| US INVESTIGATIONS SERVICES, LLC, | ) ) ) | |
| Plaintiff, | ) ) | 2: 11-cv-0355 |
| v. | ) ) ) | |
| SUSAN CALLIHAN and SARAH LEAANN BAUCOM, | ) ) ) | |
| Defendants. | | |

## MEMORANDUM ORDER OF COURT

Presently before the Court is the MOTION TO COMPEL RE-DESIGNATION OF JUPITER DOCUMENTS filed by Plaintiff, US Investigations Services, LLC (Document No. 66), the Letter Response submitted on behalf of Jupiter Corporation (Document No. 67-1), and the REPLY TO LETTER filed by US Investigations Services, LLC (Document No. 67). For the reasons that follow, the Motion will be **GRANTED**.

On or about May 5, 2011, US Investigations Services, LLC ("USIS") served a Subpoena To Produce Documents, Information, or Objects or to Permit Inspection of Premises in A Civil Action on non-party Jupiter Corporation ("Jupiter"). On June 16, 2011, Jupiter produced to USIS "on disc the first batch of Bates' stamped documents responsive to the documents." (Document No. 66-4, Exhibit C.) All of these documents were deemed by Jupiter to be "Confidential." According to USIS, the disc contained 591 documents.

On July 5, 2011, Jupiter produced to USIS a second disc of responsive documents, Bates Numbers JUP 0059201754. According to USIS, this disc contained 1,163 pages of responsive documents. Jupiter advised that "this is the total production, with one exception. We have determined that there are numerous documents of source sensitive information that is protected

1

by federal law. . . They are not privileged, but they are protected. Thus, we will provide you a log within a week of those documents. . . ." (Document No. 66-5, Exhibit D.)

On August 2, 2011, Jupiter changed its position on the "protected" documents and produced three (3) additional discs. According to Jupiter, they "did not hold back any responsive documents (we initially intended to hold back certain documents and provide you with a log), but we believe the existence of the protective order is sufficient. Thus, all were produced." (Document No. 66-6, Exhibit E.) Two of the discs contained documents which were on Sarah Baucom's personal computer. The documents on the first disc were classified by Jupiter as non-confidential documents, Bates Nos. SARAH 00001-00606. The documents on the second disc were classified by Jupiter as Confidential and Attorney Eyes Only, Bates Nos. SARAH 00607-03099.

The third disc produced by Jupiter contained Jupiter documents which were classified by Jupiter as Confidential, Attorney Eyes Only (Bates Nos. JUP 01755-04171.)

On August 17, 2011, USIS informed Jupiter that it did not agree that a certain number of documents were properly classified as "Attorney Eyes Only" and requested that Jupiter "clarify as to their categorization and/or redesignate" the following documents:

| | |
|---|---|
| SARAH 00821-00832 | SARAH 01859-02038 |
| SARAH 00833-00855 | SARAH 02079-02107 |
| SARAH 00862-00875 | SARAH 02151-02154 |
| SARAH 00953-01007 | SARAH 02213-02318 |
| SARAH 01022-01023 | SARAH 02329-02371 |
| SARAH 01086-01135 | SARAH 02381-02433 |
| SARAH 011203-01232 | SARAH 02493-02499 |
| SARAH 01269-01317 | SARAH 02500-02520 |
| SARAH 01322-01379 | SARAH 02558-02560 |
| SARAH 01384-01401 | SARAH 02781-02782 |
| SARAH 01402-01419 | SARAH 02813-02835 |
| SARAH 01472-01493 | SARAH 02836-02851 |
| SARAH 01796-01858 | SARAH 02933-03099 |

and

| | |
|---|---|
| JUP 01766-01776 | JUP 02406-02439 |
| JUP 01787-01790 | JUP 02452-02485 |
| JUP 01797-01799 | JUP 02497-02544 |
| JUP 01829-01849 | JUP 02545-02602 |
| JUP 01850-01887 | JUP 02633-02634 |
| JUP 01888-01896 | JUP 02687-02778 |
| JUP 01915-01923 | JUP 02779-02889 |
| JUP 01941-01995 | JUP 02890-02999 |
| JUP 01998-02012 | JUP 03000-03017 |
| JUP 02034-02049 | JUP 03625-03690 |
| JUP 02050-02061 | JUP 03701-03717 |
| JUP 02062-02078 | JUP 03913-03921 |
| JUP 02171-02191 | JUP 03922-03935 |
| JUP 02232-02259 | JUP 03940-03995 |
| JUP 02286-02304 | JUP 004063-04098 |
| JUP 02315-02350 | |

Jupiter responded on August 18, 2011, that it had reviewed the documents at issue and would not agree to "allowing distribution to your client" as the material amounted to actual bid proposal information. The instant motion to compel followed.

Unrelated to the instant dispute, on August 31, 2011, the Court granted USIS's Motion to Compel Discovery of Baucom Documents and ordered Defendant Baucom to produce all documents to which she had lodged objections, with the exception to those subject to a legitimate claim of attorney-client privilege. The Court's ruling permitted certain USIS representatives to review these documents pursuant to the Protective Order entered in the case. (Document No. 65). It appears that the Court's ruling on the Baucom documents renders any objections by Jupiter to the reclassification of the SARAH documents moot. Accordingly, the SARAH documents at issue shall be reclassified as "Confidential" thereby allowing their review by limited USIS personnel in accordance with the Protective Order filed in this case.

Turning to the Jupiter documents, as stated *supra*, Jupiter argues that these documents contain highly sensitive bid information which should not be disclosed to actual employees of

3

USIS, but rather should remain as Attorney Only Eyes, available for review only by attorneys, experts and consultants and others as listed in Paragraph 8 of the Protective Order. Given the allegations which form the basis of this litigation, the Court finds the position of Jupiter to be untenable. USIS contends that its confidential and proprietary information was misappropriated and improperly transmitted to Jupiter by Defendants. USIS is entitled to know the full extent, if any, to which its information may have been, or was, misappropriated and/or distributed by Defendants and whether such information has, in any way, been improperly used by Jupiter.

Further, included among the Jupiter AEO documents are documents that non-party Keystone has previously redesignated as "Confidential."

For all these reasons, the Court GRANTS the Motion to Compel Re-Designation of Jupiter Documents and finds that the SARAH and Jupiter documents at issue shall be reclassified as "Confidential" thereby allowing their review by limited USIS personnel in accordance with the Protective Order filed in this case.

So **ORDERED** this 4th day of October, 2011.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Glenn C. Etelson, Esquire
Shulman Rogers
Email: getelson@shulmanrogers.com

Mark A. Willard, Esquire
Eckert, Seamans, Cherin & Mellott
Email: mwillard@eckertseamans.com

Audrey K. Kwak, Esquire
Eckert, Seamans, Cherin & Mellott
Email: akwak@eckertseamans.com

Robert V. Campedel, Esquire
Eckert, Seamans, Cherin & Mellott, LLC
Email: rcampedel@eckertseamans.com

Ryan J. Siciliano, Esquire
Eckert, Seamans, Cherin & Mellott
Email: rsiciliano@eckertseamans.com

Alexander H. Lindsay, Jr., Esquire
Lindsay, Jackson & Martin
Email: Michele@lindsaylawfirm.com

Robert Varsek, Esquire
Rosen, Rosen & Bloom
Email: robertvarsek@yahoo.com

Charles T. Rosen, Esquire
Rosen, Rosen, Bloom & Varsek
Email: rrb@csonline.net