# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| US INVESTIGATIONS SERVICES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 2: 11-cv-00355 |
| v. | ) | |
| | ) | |
| SUSAN CALLIHAN and | ) | |
| SARAH LEAANN BAUCOM, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

Presently before the Court for disposition are the MOTIONS TO DISMISS FOR FAILURE TO JOIN PARTIES SHARON VERNICK, JUPITER CORPORATION AND KEYPOINT GOVERNMENT SOLUTIONS, INC., AS ADDITIONAL DEFENDANTS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(7) AND 19(a)(1)(A), with briefs in support, filed by Defendants Susan Callihan and Sarah LeaAnn Baucom (Documents Nos. 84, 85, 86, and 87),[1] PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO JOIN PARTIES (Document No. 96), and the REPLY BRIEF IN SUPPORT OF DEFENDANT SUSAN CALLIHAN'S MOTION TO STRIKE FOR FAILURE TO JOIN PARTIES (Document No. 98).

The issues have been fully briefed and are ripe for disposition. For the reasons that follow, the Motions to Dismiss for Failure to Join Parties will be denied.

### Standard of Review

A party may move to dismiss a case for failure to join a party under Rule 19. *See* Fed.R.Civ.P. 12(b)(7). In reviewing a Rule 12(b)(7) motion to dismiss, the court must accept all

---

[1] Defendant Susan Callihan filed her motion on December 6, 2011. Two days later, Defendant Sarah LeeAnn Baucom filed a virtually identical motion. Because the motions raise the same issues and rely on the same arguments, the Court will refer to Defendants' motions collectively as Defendants' "Motions to Dismiss.".

1

factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Pittsburgh Logistics Sys., Inc. v. C.R. England, Inc*., 669 F. Supp.2d 613, 618 (W.D. Pa. 2009). A court making a Rule 19 determination may consider evidence outside the pleadings. *Id.* The moving party bears the burden of showing that a nonparty is both necessary and indispensable. *Id*.

### Discussion

Federal Rule of Civil Procedure 19(a) provides in pertinent part, as follows:

A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties.

Fed.R.Civ.P. 19(a).

To decide whether joinder of a party is required, a court must first decide whether that party is a necessary party. *Janney Montgomery Scott, Inc. v. Sheppard Niles, Inc*., 11 F.3d 399, 404 (3d Cir. 1993); *see also Gen. Refractories Co. v. First State Ins. Co*., 500 F.3d 306, 312 (3d Cir. 2007) ("we must first determine whether the absent insurers should be joined as 'necessary' parties under Rule 19(a)"). If the party should be joined but joinder is not feasible because it would destroy subject matter jurisdiction, the court must then decide whether the absent party is indispensable. *Janney Montgomery Scott*, 11 F.3d at 404. If the absent party is indispensable, the litigation cannot proceed. *Id*. If however, the absent party is not necessary under Rule 19(a), the court need not reach the question of whether the absent party is indispensable. *Id.*

Defendants contend that Jupiter Corporation ("Jupiter"), KeyPoint Government Solutions, Inc. ("KeyPoint"), and former USIS employee Sharon Vernick ("Vernick") are "supposed main participants in this alleged misuse of proprietary and confidential information"

and "[c]omplete relief cannot be granted absent Vernick, Jupiter and KeyPoint . . . ." Callihan Br. at ¶¶ 10 and 19(f).

The Court finds Defendants' arguments to be without merit for three reasons. First, as Plaintiff aptly points out, the claims against Callihan and Baucom are based principally on their alleged breaches of fiduciary and confidentiality obligations to USIS which are set forth in their respective employment agreements with USIS. Neither Vernick, Jupiter, nor KeyPoint are parties to those agreements, and thus, are not necessary, let alone indispensable, to the resolution of the claims of USIS against Callihan and Baucom.

Next, Defendants appear to argue that because Vernick, Jupiter and/or KeyPoint may have engaged in similar misdeeds and/or bad conduct these non-parties are necessary and indispensable to this litigation. The United States Court of Appeals for the Third Circuit rejected a similar argument in *Janney Montgomery Scott, Inc.*, where it held that joint tortfeasors are not necessary parties. *Janney Montgomery Scott, Inc.*, 11 F.3d at 409 (*quoting Pujol v. Shearson/American Express, Inc.,* 877 F.3d 132, 136 (1st Cir. 1989), "The mere fact [that] Party A, in a suit against Party B, intends to introduce evidence that will indicate that a non-party C, behaved improperly does not, by itself, make C a necessary party." )

Lastly, both Defendant Callihan and Defendant Baucom argue that if they "engaged in any conspiratorial activities," the only parties with whom they could have conspired are Vernick, Jupiter, and KeyPoint and, accordingly, these non-parties are necessary and indispensable to this litigation. Again, the Court finds Defendants' argument to be without merit. It is well settled in the criminal context that all alleged conspirators need not be joined in the same action. This same rationale holds true in the civil context of conspiracy. In order for one member of a civil conspiracy to be liable, not all members of the conspiracy need be named

as defendants or joined as defendants. *Jacobs v. Pa. Dept. of Corrections*, No. 04-1366, 2011 WL 2295095 at *12 (W.D. Pa. June 7, 2011) (*quoting Alexander & Alexander, Inc. v. B. Dixon Evander & Assocs., Inc.*, 596 A.2d 687, 698 (Md. App. 1991) ("the law permits a plaintiff to recover against any one or more of the conspirators without naming them all as defendants.")

**Conclusion**

For the reasons hereinabove stated, the Motions to Dismiss for Failure to Join Parties filed by Susan Callihan and Sarah LeeAnn Baucom will be denied.[2]

An appropriate Order follows.

                                                          McVerry, J.

---

[2] As the Court has found that Vernick, Jupiter, and KeyPoint are not necessary parties under Rule 19(a), it is not necessary for the Court to reach the next question of whether these absent non-parties are indispensable to this litigation.

4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| US INVESTIGATIONS SERVICES, LLC, ) | |
| ) | |
| Plaintiff, ) | 2: 11-cv-0355 |
| v. ) | |
| ) | |
| SUSAN CALLIHAN and ) | |
| SARAH LEAANN BAUCOM, ) | |
| ) | |
| Defendants. ) | |

## ORDER OF COURT

**AND NOW**, this 19th day of March, 2012, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the Motions to Dismiss for Failure to Join Parties filed by Defendants Susan Callihan and Sarah LeeAnn Baucom are **DENIED.**

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:  Mark A. Willard, Esquire
Eckert, Seamans, Cherin & Mellott
Email: mwillard@eckertseamans.com

Audrey K. Kwak, Esquire
Eckert, Seamans, Cherin & Mellott
Email: akwak@eckertseamans.com

Robert V. Campedel, Esquire
Eckert, Seamans, Cherin & Mellott, LLC
Email: rcampedel@eckertseamans.com

Ryan J. Siciliano, Esquire
Eckert, Seamans, Cherin & Mellott
Email: rsiciliano@eckertseamans.com

Alexander H. Lindsay , Jr., Esquire
Lindsay, Jackson & Martin
Email: Michele@lindsaylawfirm.com

Robert Varsek, Esquire
Rosen, Rosen & Bloom
Email: robertvarsek@yahoo.com

Charles T. Rosen, Esquire
Rosen, Rosen, Bloom & Varsek
Email: rrb@csonline.net