IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| US INVESTIGATIONS SERVICES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:11-cv-0355 |
| ) | |
| SUSAN CALLIHAN AND SARAH LEEANN ) | |
| BAUCOM, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

Pending before the Court is the MOTION FOR SUMMARY JUDGMENT filed by Defendant Susan Callihan (Document No. 105). The motion has been thoroughly briefed by both Defendant Callihan and Plaintiff, US Investigations Services, LLC (Document Nos. 106 and 109). The parties have fully stated their respective positions regarding the Concise Statement of Material Facts and have submitted numerous exhibits (Document No. 107, 108, and 110). The motion is ripe for disposition.

The procedural and factual background of this case are discussed at length in the Memorandum Opinion and Order granting USIS' Motion for Partial Summary Judgment, filed contemporaneously herewith.

### STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure reads, in pertinent part, as follows:

[Summary Judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

In interpreting Rule 56(c), the United States Supreme Court has stated:

> The plain language . . . mandates entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

An issue of material fact is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). The court must view the facts in a light most favorable to the non-moving party, and the burden of establishing that no genuine issue of material fact exists rests with the movant. Celotex, 477 U.S. at 323. The "existence of disputed issued of material fact should be ascertained by resolving all inferences, doubts and issues of credibility against the moving party." *Ely v. Hall's Motor Transit Co.*, 590 F.2d 62, 66 (3d Cir. 1978) (quoting Pittsburgh gage & Supply Co., 464 F.2d 870, 874 (3d Cir. 1972)). Final credibility determinations on material issues cannot be made in the context of a motion for summary judgment, nor can the district court weigh the evidence. *Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632 (3d Cir. 1993); *Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co.*, 998 F.2d 1224 (3d Cir. 1993).

When the non-moving party will bear the burden of proof at trial, the moving party's burden can be "discharged by 'showing' - - that is, point out to the District Court - - that there is an absence of evidence to support the non-moving party's case." *Celotex*, 477 U.S. at 325. If the moving party has carried this burden, the burden shifts to the non-moving party, who cannot rest on the allegations of the pleadings and must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,

2

475 U.S. 574, 586 (1986); *Petruzzi's IGA Supermarkets*, 998 F.2d at 1230.  When the non-moving party's evidence in opposition to a properly supported motion for summary judgment is "merely colorable" or "not significantly probative," the court may grant summary judgment. *Anderson,* 477 U.S. at 249-250.

### LEGAL ANALYSIS

Defendant Susan Callihan ("Callihan") seeks summary judgment on all counts asserted against her in the Amended Complaint filed by USIS:  Count I - breach of contract; Count III - trade secret misappropriation; Count IV - unfair competition; Count V - breach of fiduciary duty of loyalty; Count VI - conversion; and Count VII - civil conspiracy.  However, as USIS notes, Callihan's Memorandum of Law addresses only Count III - misappropriation of trade secrets.

The majority of Callihan's brief focuses on identical arguments which she raised in her opposition to  USIS' Motion for Partial Summary, namely that USIS' right to relief is limited to the evidence alleged in its Amended Complaint, which argument has previously been rejected by the Court, and that the information discussed in the Amended Complaint are not trade secrets.  In its Memorandum Opinion and Order granting USIS' Motion for Partial Summary, the Court rejected the argument that USIS' right to relief is limited to the evidence alleged in its Amended Complaint, therefore there is no need to address that issue again.

The Court has granted partial summary judgment as to liability only to USIS on Count I - breach of contract - and Count V - breach of fiduciary duty of loyalty.  Accordingly, Callihan's motion for summary judgment on those counts will be denied.

As to Counts IV - unfair competition, Count VI - conversion, and Count VII - civil conspiracy, Callihan has offered no explanation or argument as to why she is entitled to

summary judgment on those counts. Therefore, the Court will deny Callihan's motion for summary judgment on those counts as well.

The last remaining argument is whether the USIS information that Callihan misappropriated and disclosed are trade secrets. Callihan only focuses on the January 21, 2011 email and attachments she sent herself and argues that she did not download the January 21, 2011 email attachments to any computer nor did she disseminate said documents. Further, Callihan argues that the attachments do not constitute "trade secrets" because the OPM Manual is a government document and, thus, "cannot be designated with a 'confidential' status" and the Excel spreadsheet "was a mixture of private and public information and thus the term is not 'proprietary'." Br. at 7.

USIS disputes the characterizations of these two documents. As to the OPM Manual, USIS contends that this document was developed exclusively by USIS for OPM and that only OPM and USIS have uninhibited access to the Manual. Thus, according to USIS, "the Manual may well be a trade secret, as it is a compilation and/or process, developed by USIS over many months (if not years), which affords to USIS an advantage over competitors in the bidding process." Br. at 7-8.

As to the Excel Spreadsheet, USIS contends that this is a USIS-created document "by which USIS tracks the progress of ongoing investigations of individuals' backgrounds in performing its Consolidated Leads function . . . with OPM." *Id*. at 8. Further, USIS argues that the Spreadsheet reveals "intrinsic and undeniable economic value, as such information would aid a competitor seeking to bid on the Consolidated Leads Contract, . . . ." *Id*. at 8-9.

There is clearly a genuine issue of material dispute as to whether these two documents are trade secrets.

4

Further, as described in detail in the Memorandum Opinion and Order granting USIS' Motion for Partial Summary Judgment, discovery revealed that Callihan disclosed to Jupiter and KeyPoint information which related to pricing, cost data, and staffing information in a USIS proposal on a sealed bid, information which could seem to be undeniably protectable trade secrets of USIS.

Thus, for all these reasons, the Court finds and rules that Callihan is not entitled to summary judgment on USIS' trade secret misappropriation claim.

## CONCLUSION

For the hereinabove stated reasons, the Motion for Summary Judgment filed by Defendant Susan Callihan will be denied.

An appropriate Order follows.

McVerry, J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| US INVESTIGATIONS SERVICES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:11-cv-0355 |
| | ) | |
| SUSAN CALLIHAN AND SARAH LEEANN BAUCOM, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER OF COURT

**AND NOW**, this 19th day of April, 2012, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the MOTION FOR SUMMARY JUDGMENT filed by Defendant Susan Callihan is denied.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:   Mark A. Willard, Esquire
Eckert, Seamans, Cherin & Mellott
Email: mwillard@eckertseamans.com

Audrey K. Kwak, Esquire
Eckert, Seamans, Cherin & Mellott
Email: akwak@eckertseamans.com

Robert V. Campedel, Esquire
Eckert, Seamans, Cherin & Mellott, LLC
Email: rcampedel@eckertseamans.com

Ryan J. Siciliano, Esquire
Eckert, Seamans, Cherin & Mellott
Email: rsiciliano@eckertseamans.com

Alexander H. Lindsay , Jr., Esquire
Lindsay, Jackson & Martin
Email: Michele@lindsaylawfirm.com

Robert Varsek, Esquire
Rosen, Rosen & Bloom
Email: robertvarsek@yahoo.com

Charles T. Rosen, Esquire
Rosen, Rosen, Bloom & Varsek
Email: rrb@csonline.net